IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U.S DISTRICT COURT
NEW ALBANY DIVISION

10 SEP -1  PM 3: 31

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| AIRE SERV HEATING & AIR CONDITIONING, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MARK NIEMANN, individually and d/b/a AIR SERV OF LOUISVILLE , | ) ) ) ) |
| Defendant. | ) ) ) |

CASE NO.: 4:10 -cv- 0101 RLY -WGH

## COMPLAINT

Plaintiff Aire Serv Heating & Air Conditioning, Inc. ("Plaintiff") states the following for its Complaint against Defendant Mark Niemann, individually and doing business as Air Serv of Louisville ("Defendant").

### NATURE OF THE CASE

1.     This is an action at law and in equity for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2004) (the "Lanham Act"), and the common law.

### THE PARTIES

2.     Plaintiff is a Texas corporation having its principal place of business at 1020 N. University Parks Drive, Waco, Texas 76707.

3.     Upon information and belief, Defendant is an individual doing business as and under the fictitious name Air Serv of Louisville at 2414 Charlestown Road, New Albany, Indiana 47150.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over Plaintiff's related common law claims under 28 U.S.C. §§ 1338 and 1367.

5.      This Court has personal jurisdiction over Defendant because Defendant resides in the State of Indiana, does business in this State, has engaged in acts or omissions within this State causing injury, and has otherwise established contacts with this State making the exercise of personal jurisdiction proper.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

## FACTUAL BACKGROUND

### A.      The AIRE SERV Franchise System

7.      Plaintiff is the franchisor of a nationwide system of licensed businesses in the United States that provide HVAC installation, maintenance, and repair services.  Through its extensive and wide-ranging network of authorized franchisees, Plaintiff provides HVAC installation and maintenance services, and replacements for cooling and heating systems, in residential and light commercial markets.  Plaintiff has developed, and has provided since as early as 1992, a system that is designed to enable, and does enable, its authorized franchisees to provide the highest level of skill, professionalism, and expertise with regard to HVAC installation and repair.  Plaintiff's system sets high standards for customer satisfaction, and Plaintiff is scrupulous in the selection of franchisees to provide services under the franchise arrangement.

2

8.    Beginning at least as early as December 1992, Plaintiff, through its predecessor-in-interest and such predecessor's authorized licensees, adopted and began using the designation "AIRE SERV," both standing alone and in combination with other design elements, in interstate commerce in the United States for the purpose of identifying the goods and services provided by the AIRE SERV franchise system, and distinguishing those goods and services from the goods and services of others.  Plaintiff, itself or through its predecessor-in-interest and their respective authorized licensees, has advertised and sold its goods and services in interstate commerce in the United States under its AIRE SERV trademarks and service marks continuously since at least as early as December 1992.

9.    Plaintiff is the owner of Reg. No. 1,818,574, issued by the United States Patent and Trademark Office on January 25, 1994, for the mark AIRE SERV for "installation, maintenance and repair of heating and air-conditioning equipment."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit A**.

10.    Plaintiff is the owner of Reg. No. 1,890,475, issued by the United States Patent and Trademark Office on April 18, 1995, for the mark AIRE SERV for "residential and commercial oil, electric, gas, coal, and propane heaters and air conditioners; replacement parts for the foregoing."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit B**.

11.     Plaintiff is the owner of Reg. No. 1,927,783, issued by the United States Patent and Trademark Office on October 17, 1995, for the mark AIRE SERV & Design, as depicted below, for "installation, maintenance and repair of heating and air-conditioning equipment."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit C**.

12.     Plaintiff is the owner of Reg. No. 2,763,655, issued by the United States Patent and Trademark Office on September 16, 2003, for the mark AIRE SERV for "energy-saving thermostats" and "installation, maintenance, and repair of residential and commercial heating and air-conditioning equipment; residential and commercial air duct cleaning and repair services; residential and commercial energy loss and air quality building inspection services."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit D**.

13.     Plaintiff is the owner of Reg. No. 3,578,721, issued by the United States Patent and Trademark Office on February 24, 2009, for the mark AIRE SERV HEATING & AIR CONDITIONING & Design, as depicted below, for "installation, maintenance, and repair of residential and commercial heating and air conditioning equipment; residential and commercial air duct cleaning and repair services; residential and commercial energy loss and air quality building inspection services."



A copy of the Certificate of Registration for this mark is attached as **Exhibit E**. Plaintiff's marks referenced in Paragraphs 9-13 hereof are collectively referred to herein as the "AIRE SERV Marks."

**B.**   **Defendant's Unlawful Activities**

14.     Upon information and belief, Defendant's introduction to the Plaintiff's franchise system was as a result of his being employed as a technician for Plaintiff's Louisville, Kentucky-based franchisee.  While employed by the franchisee, Defendant began providing HVAC services for Defendant's "personal customers" under the name "Air Serv of Louisville," but without accounting to Plaintiff's Louisville, Kentucky-based franchisee for any of the services provided.

15.     Upon information and belief, in December 2009, Defendant's employment with Plaintiff's Louisville, Kentucky-based franchisee was terminated.  Nevertheless, Defendant continued to provide HVAC services to his "personal customers" using the designation "Air Serv of Louisville."

16.     Upon information and belief, Defendant has used the designation "Air Serv of Louisville" on business cards and invoices in connection with his business.  In addition, Defendant has advertised his "Air Serv of Louisville" business by means of maintaining a "Fan" page on Facebook.com.  The services offered for sale by Defendant are identical to the services offered by Plaintiff and are advertised using the same means.  A true and correct copy of

Defendant's Facebook.com "Fan" page featuring Defendant's use of the "Air Serv of Louisville"

designation is attached as **Exhibit F**.

17.     Upon information and belief, at the time Defendant first commenced use of the

"Air Serv of Louisville" designation, Defendant was fully aware of Plaintiff's AIRE SERV

Marks and of the preexisting and senior rights of Plaintiff in these marks.

18.     Defendant's continued use of the confusingly similar "Air Serv of Louisville"

designation in relation to his business will create a likelihood of consumer confusion as to the

source, origin, sponsorship, or affiliation of Defendant's business and services with Plaintiff.

19.     Plaintiff has attempted to resolve this dispute short of litigation.  Since July 23,

2010, counsel for Plaintiff has communicated with Defendant in an attempt to reach a resolution

of this dispute.  These attempts have not been successful.

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement)

20.     Plaintiff repeats and incorporates by reference the allegations contained in

Paragraphs 1 through 19 as if fully set forth here.

21.     Plaintiff's AIRE SERV Marks pre-date Defendant's first use of the "Air Serv of

Louisville" designation.

22.     By using, without Plaintiff's authorization, confusingly similar imitations of

Plaintiff's AIRE SERV Marks, Defendant has created a likelihood that consumers and others in

this District will be deceived or misled into believing that Defendant, his business, and his

services are sponsored or endorsed by, or affiliated or associated with Plaintiff.

23.     Defendant's activities are in violation of Section 32 of the Lanham Act, 15 U.S.C.

§ 1114, and are causing, and unless enjoined by this Court will continue to cause, a likelihood of

confusion and deception among members of the consuming public and, additionally, injury to

Plaintiff's goodwill and reputation as symbolized by Plaintiff's AIRE SERV Marks, for which Plaintiff has no adequate remedy at law.

24.    Defendant is causing, and is likely to cause, substantial injury to the consuming public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

### SECOND CAUSE OF ACTION
#### (Federal Unfair Competition)

25.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 24 as if fully set forth here.

26.    Defendant has used and is using in commerce words, terms, names, symbols, devices and combinations thereof, false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, including "Air Serv of Louisville," which are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant and his business and his services with Plaintiff.

27.    Defendant's activities constitute unfair competition and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are causing, and unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the consuming public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's AIRE SERV Marks, for which Plaintiff has no adequate remedy at law.

28.    Defendant's conduct is causing, and is likely to cause, substantial injury to the consuming public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## THIRD CAUSE OF ACTION
### (Common Law Unfair Competition and Infringement)

29.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 28 as if fully set forth here.

30.     Defendant's conduct alleged herein constitutes common law unfair competition and trademark infringement, and is causing, and unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the consuming public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's AIRE SERV Marks, for which Plaintiff has no adequate remedy at law.

31.     As a result of Defendant's acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs.  Plaintiff is additionally entitled to punitive damages because Defendant's infringement of Plaintiff's rights—including, but not limited to the continued unauthorized use, despite notice, of confusingly similar imitations of Plaintiff's AIRE SERV Marks—has been willful, fraudulent, and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that a judgment be entered:

1.     Permanently enjoining Defendant and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant and each of them, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, from:

   a.   using the designation "Air Serv of Louisville" and confusingly similar imitations of Plaintiff's AIRE SERV Marks, in connection with Defendant's business or

8

services (including without limitation use of the above-referenced designation within the phrase "formerly known as . . ."); and

    b.   using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's business or services are the business or services of Plaintiff, or are sponsored by or in any way related to Plaintiff.

2.    Awarding Plaintiff compensatory and punitive damages; an accounting for all profits received by Defendant's unauthorized use of confusingly similar imitations of Plaintiff's AIRE SERV Marks; the costs of this action; reasonable attorneys' fees under 15 U.S.C. § 1117 and relevant state common law, and a trebling of damages and profits as authorized by law.

3.    Directing Defendant to deliver up for destruction all labels, signs, packages, receptacles, advertising, business cards, promotional material or the like in the possession, custody, or control of Defendant that are found to adopt or to infringe Plaintiff's AIRE SERV Marks, including without limitation "Air Serv of Louisville."

4.    Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

5.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

respectfully demands a trial by jury on all claims and issues so triable.

This ___ day of September, 2010.

Respectfully submitted,

Richard A. Bierly
(Indiana Bar No. 3523-22)
**McNeely, Stephenson, Thopy & Harold, LLP**
611 E. Spring St.
New Albany, IN 47150
Telephone: (812) 725-8224
Facsimile: (317) 825-5205
E-mail: rabierly@msth.com

Attorney for the Plaintiff
Aire Serv Heating & Air Conditioning, Inc.

**OF COUNSEL:**

Christopher P. Bussert
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 541-3240
CBussert@KilpatrickStockton.com